UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA L. WESTEDT,

                Plaintiff,

      v.                                        Case No. 15-CV-129

SGT. DARRYL FRANKLIN,

                Defendant.

## ORDER

This matter is now before the court on defendant Darryl Franklin's motion to seal documents and several motions filed by plaintiff Joshua Westedt.

**A.    Motions to Seal Documents**

On February 29, 2016, in connection with his motion for summary judgment Franklin filed a motion to seal documents. He states that he would not normally file medical records under seal in a claim such as this one but Westedt specifically requested that Franklin's counsel file Westedt's medical records under seal.

On March 7, 2016, Westedt filed his own motion to seal documents. (ECF No. 70.) He asks the court to seal several paragraphs in the defendants' Proposed Findings of Fact (ECF No. 63) and several paragraphs in the Declaration of Deborah Walrath (ECF

No. 61). According to Westedt, these portions of the subject documents disclose health information gained from medical records protected by the Health Insurance Portability and Accountability Act (HIPAA).

Before sealing any part of the record the court must make a determination of good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); Gen. L.R. 79(d)(3) (E.D. Wis.). Although the parties agree to sealing Westedt's medical records, it is improper to delegate that decision to the parties by giving them a virtual carte blanche to seal whatever portions of the record they want to seal. *Id.* "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id.*

The court recognizes Westedt's concerns regarding the availability of his medical information in a public forum. The court concludes that good cause exists to place Westedt's certified medical records under seal, but the good cause does not extend to those portions of the records so relevant to Westedt's claim that they have been cited or quoted by the parties or the court in other documents.

Therefore, the court will fashion a hybrid remedy. To the extent that the information from the medical records is incorporated into other documents filed by the parties or orders issued by this court, that information will remain visible to the public. The court otherwise will grant Franklin's motion to seal the medical records themselves

and deny Westedt's motion to seal portions of Franklin's Proposed Findings of Fact and Walrath's Declaration.

**B.      Motion to Dismiss Claim for Denial of Medical Treatment**

Westedt filed a motion on March 16, 2016, asking the court to dismiss with prejudice his claim for denial of medical treatment. Westedt admits that he is unable to meet his burden of proof on this claim. Alternatively, Westedt says that he will not contest entry of summary judgment on this claim. The court will grant this motion and when deciding Franklin's motion for summary judgment will consider only the excessive force claim.

**C.      Motions for Extension of Time**

On March 23, 2016, Westedt filed a motion for extension of time asking for an extension of his deadline to respond to Franklin's motion for summary judgment to May 13, 2016. He also asked for an actual due date so that he could be eligible for extra law library time. Westedt represented that the library hours were cut back and he needed additional time to prepare his response.

The court concludes that Westedt's motion sets forth good cause to extend his time to respond to Franklin's motion for summary judgment and will grant the motion and consider timely the documents Westedt filed on May 3, 2016.

**D.      Motion to Deny Defendant's Motion for Summary Judgment**

On April 6, 2016, Westedt filed a motion for order denying defendant's motion for summary judgment based on Federal Rule of Civil Procedure 56(f). In this motion, Westedt argues that Franklin did not answer discovery requests which Westedt had filed with the court on February 25, 2016, and that Franklin did not provide Westedt with a copy of Heidi Kloiber's declaration, which he says was filed with Franklin's motion for summary judgment. However, there was no declaration by Heidi Kloiber filed with Franklin's motion for summary judgment, which explains why Westedt did not receive a copy of it.

The court notes that Westedt may be trying to bring his motion under Rule 56(d), which allows the court to defer or deny a motion for summary judgment if the "non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." These reasons could include the non-movant's need for additional discovery. Rule 56 was amended in 2010; the prior version of Rule 56(d) was located at 56(f).

Westedt complains that Franklin did not respond to the discovery requests he filed with the court on February 25, 2016. (ECF No. 57). As docketed, the document is an interrogatory asking for the contact information for a former inmate and/or his parole or probation agent. However, attached to the interrogatory is a request for the

production of documents showing whether Franklin made a request for medical attention for Westedt on March 9, 2011, including Health Services Unit logbooks.

The court specifically authorized Westedt's discovery requests in its order entered on February 16, 2016 (ECF No. 54.) Franklin appears to have ignored not only the discovery requests but also Westedt's follow up letter on March 7, 2016. (ECF No. 71.) Nor did Franklin file a response to Westedt's motion.

The court will direct Franklin to answer Westedt's discovery requests within 10 days of the date of this order.

**IT IS THEREFORE ORDERED** that Franklin's motion to seal documents (ECF No. 60) is **granted**.

**IT IS FURTHER ORDERED** that Westedt's motion to seal documents (ECF No. 70) is **denied**.

**IT IS FURTHER ORDERED** that Westedt's motion to dismiss his claim for the denial of medical treatment (ECF No. 73) is **granted**.

**IT IS FURTHER ORDERED** that Westedt's motion for extension of time (ECF No. 74) is **granted**.

**IT IS FURTHER ORDERED** that Westedt's motion for order denying defendant's motion for summary judgment (ECF No. 76) is **denied**.

**IT IS FURTHER ORDERED** that Franklin shall respond to Westedt's discovery requests (ECF Nos. 57, 57-1) within 10 days of the date of this order.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge